Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/6/2017



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No: 3:15-bk-06316 |
| Jennifer Elizabeth Ward, ) | Chapter 7 |
| ) | Judge Charles M. Walker |
| Debtor. ) | |
| _____ ) | |

## MEMORANDUM OPINION

This matter is before the Court on the First and Final Motion of Jeanne Ann Burton, PLLC, Attorneys for Trustee (hereinafter "Firm"), for Allowance of Compensation and Reimbursement of Expenses. For the following reasons, the application is granted in part and denied in part.

## JURISDICTION

Jurisdiction over this proceeding is authorized by 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(b)(2)(A), this is a core proceeding concerning the administration of the bankruptcy estate.

## FACTUAL BACKGROUND

On September 8, 2015, Jennifer Ward (hereinafter "Debtor") filed her petition for relief under Chapter 7 of the Bankruptcy Code.[1] Under paragraph 21 of Schedule B listing contingent and unliquidated claims of every nature, the Debtor indicated the following:

---

[1] 11 U.S.C. § 101 ff. Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.

LAWSUIT FILED AGAINST THE CITY OF SPRINGFIELD FOR UNLAWFUL ARREST, MALICIOUS HARASSMENT, DEFAMATION[.] SHE IS REPRESENTED BY PHIL DAVIDSON IN BRENTWOOD, TN.

ECF 1.

The first meeting of creditors was scheduled for October 5, 2015, and Jeanne Burton was appointed Chapter 7 Trustee (hereinafter "Trustee"). On January 13, 2016, the Trustee filed her Application to Employ Phillip Davidson as special counsel (hereinafter "SC") to represent the estate in the lawsuit referenced above (hereinafter "Lawsuit"). The Trustee also filed an Application to Employ the Firm to represent the Trustee. Orders were entered granting both applications on February 10, 2016.

The Lawsuit was settled as evidenced by the Trustee's Motion for Compromise and Settlement which was granted on July 12, 2016. When applying for compensation for SC, however, the Trustee found it necessary to amend her request. The Court, upon review of the amended application, entered a "virtual order"[2] explaining that the Court required further information and documentation to evidence the fee arrangement justifying the fees requested. At the hearing, the documentation was produced and the Court granted the application.

The Trustee then moved for approval of compensation of the Firm as attorneys for the Trustee in the amount of $1,214.00 and expenses in the amount of $337.74. (ECF 51). Again, the Court, after reviewing the application, had concerns about the fees and expenses requested. These concerns, however, could not be addressed with additional documentation. These concerns were in the nature of issues previously addressed by this Court several times over the past

---

[2] In the Middle District of Tennessee, bankruptcy judges often make docket entries stating issues, concerns, and resulting rulings regarding documents filed with the Court. These docket entries are referred to as virtual orders as there is no corresponding document attached to the ruling.

2

year.³ In fact, the Court has addressed these issues at the employment application stage of several cases in the district.

The Court's review of the fee application revealed the following issues:

1) Fees charged to the estate by paralegal staff and attorneys for services associated with the employment of professionals;

2) Fees charged for clerical work;

3) Fees charged to the estate for services associated with requests to compensate professionals; and

4) Fees charged to the estate for review and supervision of special counsel.

## TRUSTEE COMPENSATION
## VS.
## ATTORNEY COMPENSATION

The statutory duties of a Chapter 7 trustee are enumerated in § 704, and include such things as collecting and reducing to money the property of the estate, and investigating the financial affairs of the debtor. 11 U.S.C. § 704.

Additional or associative duties of the trustee have been clarified by courts far and wide, and include preparing applications for employment of professionals, and acting as liaison with special counsel. *In re Peterson*, 566 B.R. 179, 190 (Bankr. M.D. Tenn. 2017), citing *In re Stevens*, 407 B.R. 303, 307 (Bankr. N.D. Ill. 2009), *In re McKenna*, 93 B.R. 238, 241 (Bankr. E.D. Cal. 1988).

The statutory and associative duties assigned to the trustee are contemplated in the compensation scheme set forth in § 330(a) and § 326. These responsibilities cannot be delegated to other professionals and, therefore compensated separately. *Peterson*, 566 B.R. at 190 (citations omitted).

---

³ *See In re Peterson*, 566 B.R. 179 (Bankr. M.D. Tenn. 2017), *In re Shinneman Fitness, LLC*, No. 15-06065-CW3-7, (Bankr. M.D. Tenn. Apr. 20, 2017) (ECF 82).

Compensation for counsel employed as a professional of the estate is judged solely on the criteria set forth in § 330, while fees sought by a trustee's law firm must meet that same standard, plus that of § 328(b). The more stringent standard is necessary to prevent crossover of services and maintain the integrity of charges to the estate.

## DISCUSSION

The Trustee's itemization to support her fee application for the Firm raises several concerns. The first, and most obvious, is that the itemization contains services performed by the Trustee and by the Firm. Services performed by entities seeking separate compensation should be provided on separate itemizations. In the instance where a trustee has employed his or her own firm, the fees charged to the estate are subject to heightened scrutiny (*see Peterson*, 566 B.R. at 191). In order to meet the elevated standards required to establish that these fees are reasonable and necessary, a trustee's firm must exercise strict measures. At the very least, those measures would include keeping separate records and submitting clear, concise, separate, and distinct documentation to justify the fees, and to assure the Court that the Firm is not billing for crossover services, and the Trustee is carefully administering the estate in the most cost effective manner possible.

Second, the application contains the Individual Estate Property Record and Report filed in Asset Cases by the Trustee. That report lists the Trustee's notations and activities regarding administration of the estate. The report contains all of the services listed on the itemization as having been performed by the Firm, but stated on this report as having been performed by the Trustee. (ECF 51). Again, concise, accurate, and separate documentation is necessary to justify the fees requested by a trustee's firm, and to assure the Court of the clear and distinct line between the Trustee and the Firm.

Third, the application contains requests for compensation for services that are statutory and associative duties of the Trustee.  These services cannot be delegated to other professionals, absent substantial support of necessity.  No such support has been proffered, and the facts of the case do not support such a delegation of duties.  For example, employing professionals is the responsibility of the Chapter 7 trustee.  Although there may be instances wherein an application to employ a professional is contested, resulting in a hearing or additional briefing, simply applying to the Court to employ a professional by uploading a form motion, notice and order pursuant to our Local Bankruptcy Rule 9013-1 does not justify legal fees.  Employing professionals to assist the trustee is a duty contemplated by the fee structure in § 330(a) and § 326.

Fourth, the itemization contains numerous charges for clerical services performed by paraprofessional staff.  Filing a motion and serving a motion require no legal expertise.  Clerical services are not compensable as legal or paralegal services.

Finally, it is clear that the Trustee only hired the Firm to employ and supervise SC.  The Trustee's application to employ SC stated the need for this specific SC's expertise.  To then hire her own Firm to act as a liaison between the Trustee and SC, and to supervise SC's efforts, is in no way an efficient use of estate resources. In fact, it is a duplication of services.  SC was hired to represent the estate as to legal action in state court.  To have the Firm review those efforts on behalf of the Trustee is senseless and a waste of estate funds.

The Court has, and will, continue to give the panel trustees a great deal of deference with respect to their business judgment, however, the trustee must be able to articulate with specificity the benefit to the estate.

> In essence, the Court is only requiring the panel trustees to do what happens in the legal world outside of bankruptcy—to

> justify to their clients that the fees being requested actually met the expectations that the client had when the attorney was engaged. Again, the duty that is owed by the trustee is to the estate and the "clients" in this context include the unsecured creditors who are the intended beneficiaries of the estate and the principal reason that the estate is being administered. When the trustee's duty is muddied by the fact that the trustee has a monetary interest in the fees being requested, there will be stricter scrutiny on the application for fees.

*Peterson*, 566 B.R. at 200.

Here, the Trustee hired an attorney (Firm) to supervise an attorney (SC). The extra layer of representation provided by the Firm was unnecessary, therefore, not compensable.

## CONCLUSION

It is common in this district, for a debtor to list a prepetition state or federal claim in the schedules wherein the debtor has previously engaged counsel. With rare exception, the trustee – or the debtor in a Chapter 13 case – will then file a motion to employ that previously engaged counsel as special counsel to represent the estate in the case.

Common also to this district is a request by the Chapter 7 trustee to employ his/her own firm to represent the trustee in cases with assets to be liquidated for the benefit of creditors. However, common practice does not mean proper practice, or even appropriate practice. Although there are instances where a trustee's firm may have certain expertise that would be valuable to the estate and, therefore, cost effective to employ that firm, the rarity of those instances does not support the frequency with which these requests come before the Court.

The facts of this case are common, if not typical. Nothing before the Court justifies the fees requested by the Firm. Therefore, for the reasons stated above, the application is granted in part and denied in part. A separate order will be entered.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.